IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18 C 8049 |
| ) | |
| MEG ENERGY (U.S.) INC. ) | |
| and MEG ENERGY CORP., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

David Nelson has sued MEG Energy (U.S.) Inc. and MEG Energy Corp. under the Illinois Wage Payment and Collection Act. In his amended complaint, Nelson alleges that in 2011, MEG, a Canadian corporation, entered into a consulting agreement with Ducere LLC under which Ducere agreed to provide certain services to MEG, including in Illinois. The Court may properly consider the terms of consulting agreement, even though Nelson has not attached it to his complaint, because he specifically references it in the complaint and it is central to his claim. *See, e.g., Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The consulting agreement includes as an attachment a "principal agreement" among MEG, Ducere, and Nelson. Under that agreement, Nelson, as an agent of Ducere, agreed to provide services to enable Ducere to carry out its obligations under the consulting agreement. The principal agreement also includes the following provision: "This Principal Agreement shall be construed and enforce in accordance with the laws of the

Province of Alberta and the Parties hereby attorn to the exclusive jurisdiction of the Alberta Courts." Defs.' Mot. to Dismiss, Ex. A at 17.

Nelson alleges in his amended complaint that in July 2013, Ducere, MEG, and MEG US, a U.S. corporation alleged to be MEG's agent in this country, "agreed MEG [ ] would partially assign the Consulting Agreement to MEG US." Am. Compl. ¶ 21. Nelson alleges that for this reason as well as his performance of work on behalf of the MEG entities, they effectively became his employer within the meaning of the IWPCA. *Id.* ¶ 22. He further alleges that the assignment of the consulting agreement "so changed the relationship of the parties, and among the parties and Ducere, as to obviate the Principal Agreement." *Id.* ¶ 23. According to Nelson, the MEG entities agreed to compensate him "in a manner consistent with the financial terms of the Consulting Agreement." *Id.* ¶ 24. In July 2018, Nelson alleges, the MEG entities gave notice that they "were terminating the Consulting Agreement," *id.* ¶ 26, thus terminating his employment. He alleges that they owe him wages and final compensation in excess of $2.7 million.

The MEG entities have moved to dismiss based on the doctrine of *forum non conveniens*. They rely on the forum selection clause of the principal agreement. Although MEG US is not a party to that agreement, a non-party to a contract may enforce a contractual forum selection clause when the non-party is affiliated with a party to the contract and is being sued under the contract. *See Adams v. Raintree Vacation Exchange, LLC*, 702 F.3d 436, 440 (7th Cir. 2012). The MEG entities argue that this is the case here; Nelson disputes this and contends that the forum selection clause is no longer operative in any event. He contends that based on the allegations in his

2

complaint, the principal agreement was terminated as of July 2013 and the parties operated under a verbal or tacit understanding that was separate and different from the principal agreement.

     Nelson's contention is neither supported nor plausible. First, he specifically alleges in his complaint that the consulting agreement—which *included* Nelson's principal agreement containing the forum selection clause—was assigned to MEG US. An assignment does not amount to a termination; rather it amounts to a transfer of one's rights. *See, e.g., Holywell Corp. v. Smith*, 503 U.S. 47, 53 (1992). Second, a claim under the IWPCA requires an existing underlying contract or agreement. *See, e.g., Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012). Third, Nelson says that MEG US agreed to compensate him "in a manner consistent with the financial terms of the Consulting Agreement." Am. Compl. ¶ 24. That is tantamount to an assertion that the parties adopted the terms of the consulting agreement, which, again, included the principal agreement. This is also supported by Nelson's unqualified allegation that the act giving rise to the present suit was the MEG entities "terminat[ion] [of] the Consulting Agreement." *Id.* ¶ 27.

     Nelson's contention that the principal agreement has been rescinded (as he contends in response to the motion to dismiss) or "obviated" (as he alleges in the complaint) is unsupported. To be sure, rescission may be inferred from the parties' conduct and other relevant circumstances, but Nelson alleges no such conduct or circumstances here. Rather, what he alleges amounts to an *affirmation* of the agreement: he states that MEG US agreed to compensate him "in a manner consistent with . . . the Consulting Agreement," and he does not contend that his own

3

responsibilities changed in any way. In short, his allegation of a rescission or abandonment of the agreement is conclusory and unsupported; it is not plausible, as a claim must be to survive a motion to dismiss. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In short, Nelson is effectively suing to enforce the principal agreement. He is therefore subject to that agreement's forum selection clause. As a result, he cannot sue the MEG entities in this country but must instead sue them in the courts of Alberta, Canada.

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss [dkt. no. 23] and directs the Clerk to enter judgment dismissing plaintiff's claims based on the doctrine of *forum non conveniens*.

Date: April 22, 2019

                                                                                       _____
                                                                                       MATTHEW F. KENNELLY
                                                                                       United States District Judge